provisions but that such provisions were revived by a clause in subsequent codicils reading: "And I hereby ratify and confirm my said last will and testament in every respect save in so far as any part of the same is inconsistent with this codicil."

*A. L. O'Connor* for Bertha W. Williams et al., appellants.

*Arthur E. Connor* as special guardian for Kenneth Rock et al., appellants.

*A. G. Patterson* and *John G. More* for respondents.

Order affirmed, with costs to respondents payable out of estate; no opinion.

Concur: HISCOCK, Ch. J., POUND, McLAUGHLIN, CRANE, ANDREWS and LEHMAN, JJ. Not voting: CARDOZO, J.

---

EVA SCHWARTZ, Respondent, *v.* MARIE COLLE, Appellant.

*Negligence — landlord and tenant — injury to tenant from fall down stairs arising from defective stair covering.*

Schwartz v. *Colle,* 213 App. Div. 855, affirmed.

(Submitted January 13, 1926; decided February 24, 1926.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered April 20, 1925, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of defendant in failing to keep the stairways of premises owned by her in a reasonably safe condition. The complaint alleged that while plaintiff, a tenant, was walking down the flight of stairs leading to the entrance to said building, her heel caught in the metal covering of the fourth step of the said stairway which was in a worn and bent condition and she was thereby caused to fall to the bottom and receive serious injuries. It was dark in the hallway at the time and when plaintiff's heel caught in the broken stair covering she lost her hold of the banister and fell.

*Moses Jaffe* for appellant.

*George F. Hickey* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Pound, McLaughlin, Crane, Andrews and Lehman, JJ. Not voting: Cardozo, J.

---

Myra I. Gilman, Appellant, *v.* Metropolitan Life Insurance Company, Respondent.

*Insurance — action to recover upon policy of life insurance issued but never delivered to insured — complaint properly dismissed.*

*Gilman* v. *Metropolitan Life Ins. Co.*, 213 App. Div. 839, affirmed.

(Argued January 13, 1926; decided February 24, 1926.)

Appeal, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered March 10, 1925, unanimously affirming a judgment in favor of defendant entered upon an order of Special Term granting a motion by defendant for judgment on the pleadings. The action was to recover upon a policy of life insurance. Early in December, 1918, plaintiff's husband applied to an agent of defendant for insurance; he was physically examined and his application forwarded to the home office, where the policy was issued and sent to the agent, but never delivered, the insured having been taken ill on December twentieth and died December thirty-first. The application contained the following provision: " It is further agreed that the company shall incur no liability under this application until it has been received, approved and the policy issued and delivered, and the full first premium stipulated in the policy has actually been paid to and accepted by the company during the lifetime of the life proposed." It was alleged that the applicant paid a portion of the premium at the time of making the application and tendered the balance before he was taken ill.

*Walter A. Fullerton* for appellant.

*Spencer B. Eddy* for respondent.

Judgment affirmed, with costs; no opinion.

Concur: Hiscock, Ch. J., Cardozo, Pound, McLaughlin, Crane, Andrews and Lehman, JJ.